EASTERN KENTUCKY RAILWAY COMPANY *v.* WILLIS GHOLSON.

**Damages—Instructions.**

   A railroad company is not liable for killing animals on its right of way when its agents use ordinary care and diligence to prevent such killing.

**Instructions.**

   An instruction which makes a railroad company liable for damages in killing stock, if it were possible for the engineer or fireman to have seen the stock by the use of the highest possible degree of diligence, is erroneous.

APPEAL FROM GREENUP CIRCUIT COURT.

January 5, 1875.

OPINION BY JUDGE LINDSAY:

The court erred in modifying the first instruction given for the railway company. The modification makes the company responsible for killing and injuring the stock, if it was possible for the engineer or fireman to have seen them by the use of the highest possible degree of diligence.

Whilst railroad companies are liable in cases like this for ordinary neglect, they are not bound to use the utmost possible diligence.

The question is whether the agents in charge of the locomotive, having due regard for the safety of the train and passengers, and for the business of the company, could, by such care and diligence as reasonably prudent men in like circumstances generally use, have discovered the cattle in time to check the train, and thus have avoided the accident.

The owners of the stock cannot complain that the company does not keep a watch at the mouth of the tunnel to keep stock out of it.

It has no right to negligently kill or injure stock on its road or in its tunnel; but it is not bound to herd stock, allowed by the owners thereof to graze along the line of its road.

Instruction No. 2, given for appellant, is erroneous. The statute so modifies the common-law rule as to make railroad companies liable for injuries to stock inflicted through ordinary negligence. It is not necessary that the negligence shall be either wilful or reckless. This instruction should have been refused. For the error in modifying instruction No. 1, the judgment is *reversed* and the cause remanded for a new trial, upon principles consistent with this opinion.

*E. T. Dulin, for appellant.*
*A. Duvall, for appellee.*